UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CRIMINAL CASE NO. |
| v. | : 07-CR-00012 |
| | : |
| BOGDAN BOCEANU | : FEBRUARY 4, 2013 |
| Defendant. | : |

**RULING RE: MOTION TO DISMISS (DOC. NO. 426) AND DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL (DOC. NO. 429)**

**I.   INTRODUCTION**

On December 11, 2012, a jury found the defendant, Bogdan Boceanu, guilty of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and conspiracy to commit fraud in connection with access devices, in violation of 18 U.S.C. § 1029(b)(2). Boceanu is incarcerated and awaiting sentencing.

Before the court are Boceanu's Motion to Dismiss (Doc. No. 426) and Motion for a Judgment of Acquittal (Doc. No. 429), pursuant to Federal Rule of Civil Procedure 29(a) and (c), as to Count One of the Second Superseding Indictment: conspiracy to commit bank fraud.  For the following reasons, Boceanu's Motions are denied.

**II.   FACTS**

A Second Superseding Indictment in this case charged Boceanu and others with conspiracy to commit bank fraud, conspiracy to commit fraud in connection with access devices, i.e., credit card fraud, and aggravated identity theft.  See Second Superseding Indictment (Doc. No. 226).  Boceanu, who was tried alone, was convicted by a jury on both counts of conspiracy.  The government dismissed the two counts of aggravated identity theft against Boceanu prior to trial.

1

During the three day trial in December 2012, the government presented evidence of a conspiracy to commit bank fraud and credit card fraud. At trial, the evidence concerning the bank fraud conspiracy consisted of: (1) the testimony of Suzanne Novak, a former People's Bank customer, who received a phishing email targeting customers of People's Bank that had been sent around June 13, 2005; (2) the testimony of David Cracauer—on whose compromised computer the fake People's Bank website was hosted—that the information provided by customers duped into responding to the email was sent to the email address vercartil@yahoo.com; (3) the testimony of cooperating witness Gabriel Sain that he engaged in the phishing scheme with others, including Boceanu; that Boceanu used the email address damnedasp@yahoo.com; and that Boceanu exchanged emails that contained stolen information, including names, addresses, Social Security numbers, credit card numbers, and bank identification numbers as well as a program for harvesting email addresses; (4) emails between damnedasp@yahoo.com and other members of the conspiracy, including an email sent to vercartil@yahoo.com in June 2005, asking for a list of credit numbers that were "good," i.e., working, and an email in response containing a subset of the numbers contained in the original email; and (5) testimony from FBI Special Agent Martin McBride that co-defendant Ovidiu-Ionut Nicola Roman used the email address vercartil@yahoo.com.

On December 10, 2012, at the end of the government's case, Boceanu moved for a judgment of acquittal pursuant to Rule 29(a). See (Doc. No. 426). The court reserved decision on the Motion pursuant to Rule 29(b). On December 11, 2012, the jury found Boceanu guilty of conspiracy to commit bank fraud and conspiracy to commit

fraud in connection with access devices. Boceanu now renews his Rule 29 motion to set aside the jury's verdict and enter of a judgment of acquittal.

### III. STANDARD OF REVIEW

Rule 29(a) provides that district courts "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed.R.Crim.P. 29(a). Rules 29(b) and (c) permit a court to reserve the decision on the motion until after the jury returns a verdict. "A defendant challenging the sufficiency of the evidence that was the basis of his conviction at trial bears a 'heavy burden.'" United States v. Hawkins, 547 F.3d 66, 70 (2d Cir.2008) (quoting United States v. Parkes, 497 F.3d 220, 225 (2d Cir.2007)). In deciding whether to grant a motion pursuant to Rule 29, the court should "view the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility." Hawkins, 547 F.3d at 70. A jury verdict shall be sustained "so long as any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (quoting Parkes, 497 F.3d at 225–6) (internal quotation marks omitted). "[I]f the evidence viewed in the light most favorable to the prosecution gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence, then a reasonable jury must necessarily entertain a reasonable doubt." United States v. Glenn, 312 F.3d 58, 70 (2d Cir.2002) (internal quotation marks omitted).

### IV. DISCUSSION

Boceanu argues that the evidence adduced at trial is insufficient to sustain his conviction for conspiracy to commit bank fraud because the only evidence connecting

Boceanu to the conspiracy to commit bank fraud—as opposed to the conspiracy to commit credit card fraud—were the emails he exchanged with co-defendant Nicola-Roman around the same time that Nicola-Roman sent the People's Bank phishing email. See Def.'s Mem. in Supp. Mot. J. Acquittal at 3.

To prove a conspiracy to commit bank fraud, the Government must establish the following two elements: (1) that two or more persons entered into the alleged agreement to commit bank fraud, and (2) that the defendant knowingly and willfully joined in the agreement. The agreement to commit bank fraud must have been an agreement to engage in a scheme or artifice to defraud, or obtain money or property from, a federally-insured financial institution by means of materially false or fraudulent pretenses, representations, or promises. See 18 U.S.C. § 1344.

Boceanu does not challenge the sufficiency of the evidence related to the first element of the crime of conspiracy. An agreement existed to engage in bank fraud as evidenced by the phishing email directing recipients to a fake website for People's Bank, which is a federal-insured bank. See Def.'s Mem. in Supp. Mot. J. Acquittal at 4 (stating only that there was insufficient evidence, "that Boceanu could be found part of the bank fraud conspiracy").

As to the second element, Boceanu argues that the only evidence introduced by the government connecting him to the bank fraud conspiracy were the emails containing credit card numbers that he exchanged with Nicola-Roman in June 2005. Those emails were sent within the same month that Nicola-Roman sent the People's Bank email. Boceanu argues that there is no evidence that those emails—and the credit card numbers contained therein—were related to the People's Bank scheme. Because the

evidence related to the People's Bank scheme was the only evidence of a scheme to defraud a federally-insured bank, without connecting Boceanu to the People's Bank phishing scheme, Boceanu argues that he cannot be found guilty of conspiracy to commit bank fraud.

The government, however, did not ask the jury to make the inference that the emails exchanged between Boceanu and Nicola-Roman contained credit card information obtained from the People's Bank scheme. Rather, the government asked the jury to infer that Boceanu was involved with the People's Bank scheme because he worked "closely with Nicola-Roman and others as part of the conspiracy at a time when one of the targets of the conspiracy was People's Bank." Gov't's Mem. in Opp. Mot. J. Acquittal at 9. Given the extensive evidence that Boceanu participated in a phishing scheme with his codefendants, that he obtained a program to extract email addresses, and that he worked closely with Nicola-Roman on the phishing scheme at the same time that Nicola-Roman was engaging in the People's Bank website scam, the court concludes that, taking the evidence in a light most favorable to the government, a reasonable jury could find that Boceanu knowingly and willfully joined the agreement to commit bank fraud against People's Bank.

**V.   CONCLUSION**

For the foregoing reasons, Boceanu's Motion to Dismiss (Doc. No. 426) pursuant to Rule 29(a) and his Motion for Judgment of Acquittal (Doc. No. 429) pursuant to Rule 29(c) are **DENIED**.

**SO ORDERED**.

Dated at New Haven, Connecticut this 4th day of February, 2013.

                                                                             /s/ Janet C. Hall
                                                  Janet C. Hall
                                                  United States District Judge